**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

| | | |
|---|---|---|
| LISA P. YEATMAN, | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | |
| | * | |
| CAROLYN W. COLVIN, Acting | * | No. 4:14CV00255-JJV |
| Commissioner, Social Security | * | |
| Administration, | * | |
| | * | |
| Defendant. | * | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Lisa Yeatman, appeals the final decision of the Commissioner of the Social Security Administration denying her claims for disability insurance benefits under Title II of the Social Security Act. Karl E. Osterhout, Esq., appeared by telephone for Ms. Yeatman. Special Assistant United States Attorney Una McGeehan appeared by telephone for the Commissioner. The attorneys are commended for their diligence in this matter. Although a very close call, for reasons set out below, the decision of the Commissioner is REVERSED and REMANDED.

**I.      BACKGROUND**

On August 18, 2011, Ms. Yeatman protectively filed for benefits due to chiari malformation, chronic migraines, spinal arthritis, depression, anxiety, panic attacks, muscle pain and inflamation, nerve disorders, and bilateral carpal tunnel syndrome. (Tr. 159) Ms. Yeatman's claims were denied initially and upon reconsideration. At Ms. Yeatman's request, an Administrative Law Judge ("ALJ") held a hearing on November 5, 2012, where Ms. Yeatman appeared with her lawyer. At the hearing, the ALJ heard testimony from Ms. Yeatman, a medical expert, and a vocational expert ("VE"). (Tr. 35-65) The ALJ issued a decision on November 19, 2012, finding that Ms. Yeatman was not disabled under the Act. (Tr. 17-28) The Appeals Council denied Ms. Yeatman's request for review,

making the ALJ's decision the Commissioner's final decision. (Tr. 1-3)

Ms. Yeatman, who was forty-nine years old at the time of the hearing, has a high school education and past relevant work as a ticket agent, baggage handler, and tool-crib attendant. (Tr. 39, 59-60)

## II. DECISION OF THE ADMINISTRATIVE LAW JUDGE[1]

The ALJ found that Ms. Yeatman had not engaged in substantial gainful activity since August 4, 2010, and she had the following severe impairments: hypothyroidism, migraines, mild degenerative disc disease of the lumbar spine, post-surgery to release chiari malformation, carpal tunnel syndrome of the right hand, depression, and anxiety. (Tr. 19) However, the ALJ found that Ms. Yeatman did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2] (Tr. 19)

According to the ALJ, Ms. Yeatman has the residual functional capacity ("RFC") to do the full range of light work, except that she can lift and carry twenty pounds occasionally and ten pounds frequently; can occasionally perform bilateral overhead reaching; can understand, remember and carry out simply instructions; and is limited to only occasional interaction with supervisors, coworkers, and the public. (Tr. 21) The VE testified that the jobs available with these limitations were cleaner/housekeeper, garment sorter, and garment bagger. (Tr. 61-62) Accordingly, the ALJ determined that Ms. Yeatman could perform a significant number of jobs existing in the national

---

[1]The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. § 404.1520(a)-(g).

[2]20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526.

economy, and found that she was not disabled.

### III. ANALYSIS

#### A. Standard of Review

In reviewing the Commissioner's decision, this Court must determine whether there is substantial evidence in the record as a whole to support the decision.[3] Substantial evidence is "less than a preponderance, but sufficient for reasonable minds to find it adequate to support the decision."[4]

In reviewing the record as a whole, the Court must consider both evidence that detracts from the Commissioner's decision and evidence that supports the decision; but, the decision cannot be reversed "simply because some evidence may support the opposite conclusion."[5]

#### B. Ms. Yeatman's Argument for Reversal

Ms. Yeatman asserts that the Commissioner's decision should be reversed because the ALJ (1) failed to consider her migraines under Listing 11.03; and (2) failed to account for the migraines in the RFC finding. (Doc. No. 11) The Court agrees.

Ms. Yeatman asserts that the ALJ should have considered whether her migraines met Listing 11.03, which reads:

> 11.03 Epilepsy—nonconvulsive epilepsy (petit mal, psychomotor, or focal), documented by detailed description of a typical seizure pattern, including all associated phenomena; occurring more frequently than once weekly in spite of at least 3 months of prescribed treatment. With alteration of awareness or loss of consciousness and transient postictal manifestations of unconventional behavior or significant interference with activity during the day.[6]

---

[3]*Boettcher v. Astrue*, 652 F.3d 860, 863 (8th Cir. 2011); 42 U.S.C. § 405(g).

[4]*Id*. (citing *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005)).

[5]*Id*. (citing *Pelkey v. Barnhart*, 433 F.3d 575, 578 (8th Cir. 2006)).

[6]20 C.F.R. Part 404, Subpt. P, App. 1, § 11.03.

To meet or equal a listing, Ms. Yeatman must prove that she met all of the specific medical criteria.[7] The ALJ did generally state she considered Listing 11.00, but, as Plaintiff argues, failed to live up to her promise of specifically addressing this listing. (Tr. 20.)

And, while thorough in most all other respects, the ALJ failed to adequately address Plaintiff's evidence of debilitating migraine headaches. At the administrative hearing a medical expert was present, but neither side asked him to opine about the impact of Plaintiff's well-documented history of migraines. Granted it was Plaintiff's burden to prove disability, the ALJ also had the duty to fully develop the record.

There is ample evidence showing Plaintiff's ability to function is impacted by her migraine headaches. The ALJ acknowledged this evidence and concluded that this impairment was considered to be "severe." But the ALJ did not really address her migraines when formulating her RFC. Although the Commissioner's counsel argues this is a *de minimis* finding, by definition a "severe" impairment significantly limits one's ability to perform basic work activities. So, as Plaintiff's counsel correctly points out, there is "tension" arising from the ALJ's decision. This tension must be resolved through further analysis of the impact of Plaintiff's migraines on her RFC.

The Court recognizes the Commissioner's argument that, while complaining of migraine headaches, Plaintiff was capable of performing her job at an airline. This is a strong point for the Commissioner. Especially given the fact that disabling migraine headaches would likely result in excessive absenteeism from work. However, Plaintiff argues her migraines have increased in severity since she left her job. While the ALJ discounted this argument (Tr. 23), the medical records from Plaintiff's neurologist provide support for this contention. Her neurology records also show her medications are not always effective and she testified they make her sleepy. And given

---

[7]*Marciniak v. Shalala*, 49 F.3d 1350, 1353 (8th Cir. 1995).

Plaintiff's strong work history (Tr. 123-130, 135-141, 150-157), as well as the fact she left her job because of health issues (Tr. 40-41), the Court believes her credibility on this point must be reassessed.

## IV.  CONCLUSION

A reasonable mind would not accept the evidence as adequate to support the ALJ's decision because the decision does not sufficiently address Ms. Yeatman's migraine headaches.  For this reason, Court REVERSES the decision and REMANDS the case to the Commissioner for full development of limitations posed by Plaintiff's migraine headaches.

This is a "Sentence Four" remand within the meaning of 42 U.S.C. § 405(g) and *Melkonyan v. Sullivan*, 501 U.S. 89 (1991).

IT IS SO ORDERED this 18th day of December, 2014.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE